IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE BERNARD GOINS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-625 |
| | : | |
| HARRY E. WILSON, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                    **January 16, 2007**

      George Bernard Goins, serving life without parole at Fayette State Correctional Institution, LaBelle, Pennsylvania, asks this Court to reject the Report of Magistrate Judge Arnold C. Rapoport which recommends dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254[1] as time-barred.  After a careful and independent review pursuant to 28 U.S.C. § 636, this Court cannot overcome the one-year time bar of the Antiterrorism and Effective Death Penalty Act (AEDPA).[2]  For that reason, I will approve the Report and Recommendation dismissing Goins's petition.  I write separately solely to consider Goins's objections to the Report and Recommendation.

      Goins was convicted of first-degree murder and other offenses and sentenced to life in prison

---

[1]Section 2254. State custody; remedies in Federal courts
    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
        (A) the applicant has exhausted the remedies available in the courts
        of the State; or
        (B)(i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect
        the rights of the applicant . . .
28 U.S.C. § 2254.

[2] Pub .L. No. 104-132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. §§ 2241-2255).

1

for the 1981 bludgeoning death of his wife, Susan Goins.  Several hours after Susan Goins left a friend's house with the friend's new telephone number on a slip of paper in her pocket, Goins called the friend, asking if Susan were still there.  Goins, wearing blood-spattered pants, showed up for work at a home for disabled children two hours early.  Goins's mother found him semi-conscious in her house that afternoon, after an apparent suicide attempt with drugs stolen from his workplace.  Goins's brother found Susan's body the next day, a claw hammer embedded two inches into her skull.  Susan Goins had been struck in the head with the hammer about 25 times.

Goins testified he went to the subway station to meet his wife and when he returned he found his wife's body.  Goins said he was so distraught he went to his work place where he attempted suicide by ingesting drugs.  Explaining the blood on his clothing, he said he hugged his wife's body and tried to remove the hammer.

A jury convicted Goins in 1982 and imposed the death penalty.  The state Supreme Court vacated Goins's sentence, finding Goins did not have a "significant history" of felony convictions under 42 Pa.C.S. § 9711(d)(9), despite a 1967 conviction for third-degree murder.  *Commonwealth v. Goins*, 508 Pa. 270, 274-75 (Pa. 1985).  Goins was re-sentenced in September 1985.  Goins filed a petition in the state Supreme Court and a motion for re-consideration in the sentencing court but failed to timely appeal.[3]  The Superior Court quashed his untimely appeal in June 1987.  Goins filed a timely petition pursuant to Pennsylvania's then-effective Post Conviction Hearing Act,[4] the denial of which the Superior Court affirmed August 20, 1991.  Goins tried again 12 years later, filing a petition under the Post Conviction Collateral Relief (PCRA), 42 Pa.C.S. § 9541 *et seq.*, in 2003,

---

[3]In Pennsylvania, post-trial motions do not toll the 30 days allowed to take an appeal.  Pa. R. A. P. 903(a).

[4]Pennsylvania Post Conviction Hearing Act (PCHA), 42 Pa.C.S. § 9541 *et seq.* (amended and renamed by Act No. 1988-47, §§ 3, 6, 1988 Pub. L. 337-342).

which was denied as untimely at each step in the process.[5]  The state Supreme Court denied permission to appeal on February 8, 2005.  Goins signed his petition for writ of habeas corpus to this Court February 7, 2006,[6] suggesting he believed he had one year after the state Supreme Court's denial to file.

**DISCUSSION**

AEDPA establishes a one-year statute of limitations period for state prisoners seeking federal habeas relief.  28 U.S.C. § 2244(d)(1).[7]  A petitioner must file a federal habeas petition within one year from the date the state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).  In the Third Circuit, "petitioners whose convictions became final before the enactment of AEDPA's statute of limitations on April 24, 1996 have until one year from the enactment of the habeas statute of limitations to file their petitions." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1811 (2005).  Because

---

[5] A state prisoner whose conviction became final before January 16, 1996, had until January 17, 1997 to file his **first** petition for collateral relief.  Section 3(1) of Act 1995 (Spec. Sess. No. 1), Nov. 17, P.L. 1118, No. 32, *codified at* 42 Pa.C.S. § 9545 Note (emphasis added).  Goins's PCHA petitions were filed in 1986 and 1988 so he was not eligible for the one-year grace period for a state PCRA. 42 Pa.C.S. §9541 *et seq.*; *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004).

[6] Under the prisoner mailbox rule, a document is deemed filed when it is deposited in the prison mailroom.  *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *United States v. Fiorelli*, 337 F.3d 282, 289 (3d Cir. 2003).

[7] Section 2244(d)(1) provides:
   A 1-year period of limitations shall apply to an application for writ of habeas corpus by a Goins in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of –
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment for filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

Goins's conviction became final in December, 1991,[8] he was required to file his section 2254 petition on or before April 23, 1997.  Goins filed his petition on almost nine years late.

AEDPA's one-year limitation is subject to both statutory and equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).  The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls AEDPA's limitation.  28 U.S.C. § 2244(d)(2).  Because the state court rejected Goins's 2003 PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2).  *See Pace*, 125 S.Ct. at 1814; *see also Merritt*, 326 F.3d at 166.

Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Miller v. N. J. Dept. of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).  The Third Circuit has cautioned courts to apply the doctrine of equitable tolling sparingly, in particular "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (citing *Alvarez-Machain v. United States*, 96 F.3d 1246, 1251 (9th Cir. 1996)).[9]

To warrant equitable tolling, Goins must prove he has in "some extraordinary way been prevented from asserting his . . . rights" and he "exercised reasonable diligence in investigating and bringing [the] claims."  *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).  In non-capital cases,

---

[8] In Pennsylvania, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa. C.S. § 9545(b)(3).

[9] The Supreme Court has not decided whether equitable tolling applies to AEDPA's statute of limitations, but was willing to assume it was in a case in which it made no difference. *Pace*, 125 S. Ct. at 1815 n.8.

the Third Circuit held "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* In Pennsylvania, the time limit of the PCRA is jurisdictional, subject to tolling only for the three enumerated exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii)(tolling for official interference, newly-discovered facts or the enumeration of a new constitutional right); *Commonwealth. v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). Pennsylvania's consistent application of Pennsylvania law to Goins's attempt to file an untimely PCRA petition falls far short of the extraordinary circumstances demanded by *Fahy v. Horn*. Lack of diligence also precludes equity's operation. *Pace,* 125 S. Ct. at 1815. The Third Circuit has held "twenty-one months of inactivity . . . crosses the line of what constitutes due diligence for purposes of employing that principle to save an otherwise untimely filing." *LaCava v. Kyler,* 398 F.3d 271, 279 (3d Cir. 2005).

In his objections to the Report and Recommendation, Goins alleges the application of AEDPA's time limitation denies him due process. Goins argues he should receive the benefit of equitable tolling because his attorney failed to notify him in 1991 the Superior Court had denied his appeal. Goins attaches seven, apparently unanswered, letters he wrote to his attorney from 1992 to 1999, seeking information. In May 2001, Goins received a copy of the docket and the Superior Court opinion directly from the Superior Court. Goins filed his untimely PCRA petition 20 months later and this petition almost five years after learning the Superior Court denied his appeal. Nothing extraordinary prevented Goins from asserting his rights; even if it had, his own lack of diligence prevents equitable tolling.

An appropriate order follows.